# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ADRIENNE YOUNG, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 11-650 |
| ) | |
| v. ) | Judge Cathy Bissoon |
| ) | |
| CITY OF PITTSBURGH, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

For the reasons that follow, Defendants' partial motion to dismiss (Doc. 55) is granted insofar as it pertains to Defendant Harper's official capacity status, and denied in all other respects.

According to the allegations in the second amended complaint (Doc. 52), Adrienne Young ("Plaintiff"), was arrested on four separate occasions over a ten-month period. The final three arrests occurred in the middle of the night and, Plaintiff alleges, were unwarranted and demeaning. On the fourth occasion, Plaintiff was held at the Allegheny County, Pennsylvania, jail for nearly a month, classified as a high risk prisoner because of her arrest history.

Plaintiff complains that she was a victim of persecution resulting from the personal enmity of a group of Pittsburgh police officers. Using the enforcement vehicle of the Civil Rights Act of 1871, 42 U.S.C. § 1983, she is suing a multitude of individuals for violating her civil rights. The City of Pittsburgh and Pittsburgh police chief Nathan Harper are the only Defendants relevant to this motion.

Defendants City of Pittsburgh and Harper attack Plaintiff's claims against Defendant Harper in his individual and official capacities. (Doc. 55 at 31-33). They argue also that various claims are barred by the applicable statute of limitations. Id. at 33-34; see also (Doc. 52 ¶¶ 187-190).

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) if, reading the complaint in the light most favorable to the plaintiff, and accepting all factual allegations as true, no relief could be granted under any "reasonable reading of the complaint." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). A court may dismiss a facially implausible claim that fails to state the elements of a complaint. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A facially plausible complaint contains sufficient content to draw a reasonable conclusion that the defendant is liable for the alleged misconduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is insufficient to state simple conclusions and rely upon formulaic recitations of the facts. Id. (citing Twombly, 550 U.S. at 555).

Defendants' request to dismiss Chief Harper as an official capacity defendant will be granted. When an individual is sued in his or her official capacity, the action is considered to be against the governmental entity that he or she represents. See Kentucky v. Graham, 473 U.S. 159, 166 (1985). As such, Plaintiff's claims against Defendant Harper in his official capacity are duplicative of those against Defendant City of Pittsburgh.

Though this Court grants dismissal of Defendant Harper in his official capacity, it will not dismiss the claims brought against him in his individual capacity. Although the Supreme Court's opinion in Iqbal casts some doubt on the "knowledge and acquiescence" theory of personal liability under Section 1983, see 556 U.S. at 677, the courts of this circuit historically

have allowed liability to attach based on such a theory. See, e.g., Hayes v. Walsh, No. 3:11-1739, 2012 WL 2462316, at *4 (M.D. Pa. June 27, 2012); see also Plouffe v. Cevallos, No. 10-1502, 2012 WL 1994785, at *4 n.4 (E.D. Pa. June 1, 2012) (citing cases). At the very least, it is not clear that, as a matter of law, claims based on this theory now are disallowed. Plaintiff's allegations that (1) she personally informed Defendant Harper of the behavior of the Defendant police officers, and he failed to address the issue; (2) Defendant Harper rebuffed attempts from external sources to assist in resolving the situation; and (3) Defendant Harper's motivation for allowing Plaintiff's alleged mistreatment stemmed from his anger over meetings between Plaintiff and his superiors, if true, would allow a reasonable finder of fact to determine that Defendant Harper had contemporaneous knowledge of Plaintiff's alleged mistreatment, and acquiesced to the same. Accordingly, Defendant Harper will remain in this suit in his individual capacity.

Defendants also argue that the statute of limitations has elapsed for Plaintiff's claims related to her first and second arrests, and also for her invasion of privacy claim. It is well established that the statute of limitations of any Section 1983 claim is the forum state's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., 400 F. App'x 629, 631 (3d Cir. 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (overruled on other grounds)). The applicable statute of limitations in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524.

While Defendants apparently interpret Plaintiff's invasion of privacy claim as an issue of state law – which would be subject to a 1-year statute of limitations – it is clear that Plaintiff actually brings it as a constitutional claim arising under the Fourth Amendment, and not

have allowed liability to attach based on such a theory. See, e.g., Hayes v. Walsh, No. 3:11-1739, 2012 WL 2462316, at *4 (M.D. Pa. June 27, 2012); see also Plouffe v. Cevallos, No. 10-1502, 2012 WL 1994785, at *4 n.4 (E.D. Pa. June 1, 2012) (citing cases). At the very least, it is not clear that, as a matter of law, claims based on this theory now are disallowed. Plaintiff's allegations that (1) she personally informed Defendant Harper of the behavior of the Defendant police officers, and he failed to address the issue; (2) Defendant Harper rebuffed attempts from external sources to assist in resolving the situation; and (3) Defendant Harper's motivation for allowing Plaintiff's alleged mistreatment stemmed from his anger over meetings between Plaintiff and his superiors, if true, would allow a reasonable finder of fact to determine that Defendant Harper had contemporaneous knowledge of Plaintiff's alleged mistreatment, and acquiesced to the same. Accordingly, Defendant Harper will remain in this suit in his individual capacity.

Defendants also argue that the statute of limitations has elapsed for Plaintiff's claims related to her first and second arrests, and also for her invasion of privacy claim. It is well established that the statute of limitations of any Section 1983 claim is the forum state's statute of limitations for personal injury suits. Mumma v. High Spec, Inc., 400 F. App'x 629, 631 (3d Cir. 2010) (citing Wilson v. Garcia, 471 U.S. 261, 266-67 (1985) (overruled on other grounds)). The applicable statute of limitations in Pennsylvania is two years. 42 Pa. Cons. Stat. § 5524.

While Defendants apparently interpret Plaintiff's invasion of privacy claim as an issue of state law – which would be subject to a 1-year statute of limitations – it is clear that Plaintiff actually brings it as a constitutional claim arising under the Fourth Amendment, and not

Pennsylvania law – resulting in a two year statute of limitations.[1]  See (Doc. 52 ¶ 188).  As to Defendants' remaining statute of limitations argument, the differing accounts of procedural history make it impossible for this Court to grant Defendants' motion without going beyond the face of the second amended complaint.  Accordingly, this aspect of Defendants' motion will be denied.  This denial is without prejudice to Defendants raising the statute of limitations defense on summary judgment, if appropriate.

      It is so ordered.

July 26, 2012                                                                BY THE COURT:

                                                           s/Cathy Bissoon
                                                           CATHY BISSOON
                                                           UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):

All counsel of record

---

[1] This Court expresses no opinion at this time on the viability of such a claim.